# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ANILSY STINCER and JUAN RAMON,

    Plaintiffs,

v.

HOME AMERICA MORTGAGE, INC., MERS, INC., WASHINGTON MUTUAL BANK, N.A., and SHAPIRO & SWERTFEGER, LLC,

    Defendants.

CIVIL ACTION NO.
1:12-CV-1647-RWS

## **ORDER**

This case comes before the Court on Plaintiffs' Motion for Preliminary Injunction [2]. After reviewing the record and holding a hearing, the Court **DENIES** Plaintiffs' Motion [2] for the reasons that follow:

Plaintiffs filed a Complaint [1] in this action alleging various causes of action arising out of the foreclosure on Plaintiffs' home, including causes of action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). Plaintiffs now move for a preliminary injunction on the basis of these

claims, seeking to enjoin the dispossessory action that is scheduled to take place on Monday, May 14, 2012. (Mem. in Supp. Pls.' Mot. for Prelim. Inj., Dkt. [2-1] at 3.)

To be entitled to a preliminary injunction, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the movant outweighs the damage to the opposing party; and (4) granting the injunction would not be adverse to the public interest. Four Seasons Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." United States v. Jefferson Cnty., 720 F.2d 1511, 1518 (11th Cir. 1983) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)).

Plaintiffs have failed to establish a likelihood of success on the merits of their claim because injunctive relief is not available under the FDCPA or under RESPA. See Sibley v. Fulton Dekalb Collection Serv., 677 F.2d 830, 834 (11th Cir. 1982) (providing that equitable relief is not available under FDCPA);

2

RESPA, 12 U.S.C. § 2605(f)(1) (providing for damages as exclusive remedy for violations of § 2605(e)). Accordingly, because injunctive relief is not available under either the FDCPA or RESPA, Plaintiffs have failed to establish a likelihood of success on their claim for injunctive relief.

**SO ORDERED**, this  11th  day of May, 2012.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)